MARTHA F. WESTON

*vs.*

JESSIE E. McLAIN.

Lincoln.      Opinion July 18, 1828.

*Emerson Hilton,*
*Weston M. Hilton,* for plaintiff.
*Harold R. Smith,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BARNES, BASSETT, JJ.

BASSETT, J. Real action. The case comes before this court upon an agreed statement.

From it and the writ, pleadings, mortgage, notice of and record of the foreclosure, it appears as follows:

The plaintiff claims title and right of possession to the real estate described in the declaration by a mortgage from the defendant to her and her husband, foreclosure by her after her husband's decease, and expiration of the statutory period for redemption.

The defendant claims that the condition of the mortgage was to support the plaintiff and her husband upon the premises during their lives and that he is rightfully in possession to perform the

condition; that the plaintiff left the premises and refused to be supported thereon and there has been no breach of the condition.

The mortgage, of which the plaintiff and her husband were grantees, contained these provisions:

"PROVIDED NEVERTHELESS, that if the said Jesse E. McLain, his executors and administrators shall at all times during the natural lives of the said Daniel S. Weston and Martha F. Weston, well and sufficiently support and maintain the said Daniel S. Weston and Martha F. Weston, upon the aforesaid premises and them provide with meat, drink, clothes, nursing, medicine and other things necessary for their comfortable support, and give each a proper and suitable burial, then this Deed shall be void, otherwise shall remain in full force. And the grantor covenants and agrees with the said grantees that the right of redeeming the above mortgaged premises shall be forever foreclosed in one year next after the commencement of foreclosure by any of the methods now provided by law."

After the death of the husband, the plaintiff, on September 13, 1924, served upon the defendant by attested copy notice of foreclosure for condition broken, and on September 23 recorded the original notice and officer's return, as provided by statute, and brought this action September 25, 1925, after the expiration of the period of redemption.

The defendant claims that the plaintiff must show a breach of the condition of the mortgage to maintain her action. We think this is correct.

To maintain the action she must be entitled to possession. R. S. 1916, Chap. 109, Sec. 5. *Hurd* v. *Chase*, 100 Me., 561.

Where, in a mortgage given for the support of the mortgagee, it is provided that the support shall be furnished upon the premises described in the mortgage, the implication is clear that it was the intention of the parties that the mortgagor should retain possession until a breach of the condition, because possession is absolutely necessary for performance of the condition, and the mortgagee cannot maintain an action for possession, so far as it is

based upon the mortgage, unless it be shown there was a breach of the condition. *Poland* v. *Davis*, 99 Me., 345; *Davis* v. *Poland*, 102 Me., 192, 195; *Powers* v. *Hambleton*, 106 Me., 217, 221.

The burden of proving the breach in such an action by the mortgagee is on the mortgagee. *Poland* v. *Davis*, supra.

The mortgagee must prove a breach of the condition, whether he brings the writ of entry to take possession for foreclosure or to get possession after foreclosure, because to obtain possession in either case he must prove that he is entitled to possession and that the condition had been broken when the action was commenced. R. S. 1916, Chap. 95, Sec. 9.

If the evidence shows that the condition has been broken and no foreclosure has been begun, conditional judgment may be awarded. If it appears "that the owner of the mortgage proceeded for foreclosure conformably to section five and seven before the suit was commenced," judgment is entered as at common law. *Mitchell* v. *Elwell*, 103 Me., 164, 169. If the foreclosure has been duly and legally completed and the period of redemption has expired, the mortgagee recovers judgment for possession as at common law and holds title free from the right of redemption.

The burden on the mortgagee of proving a breach is the same whether the foreclosure has or has not been completed; "it is immaterial whether the mortgage was foreclosed or not." *Poland* v. *Davis*, supra, page 347.

A mortgage given for support of the mortgagee upon the premises may be foreclosed by any of the statutory methods and the mortgagee's burden of proving a breach is not shifted by the method adopted. The words "by any of the methods now provided by law" in the covenant of the mortgage above noted are only declaratory of the rights given by statute.

The agreed statement contained the stipulation that "if the plaintiff must show a breach of condition of the mortgage, this action is to be remanded to the court at nisi prius for trial of the cause."

*So Ordered.*